UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS GARCIA ALVARADO,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:25-cv-01112-HBK

ORDER AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY[1]

(Docs. 11, 13)

Jesus Garcia Alvarado ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Docs. 11, 13-14). For the reasons stated, the Court denies Plaintiff's motion for summary judgment, grants Defendant's motion for summary judgment, and affirms the Commissioner's decision.

////

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. 9).

## I. JURISDICTION

Plaintiff protectively filed for supplemental security income on November 19, 2022, alleging a disability onset date of September 9, 2019. (AR 303-12). The alleged onset date was amended to November 19, 2022 at the hearing. (AR 48-50). Benefits were denied initially (AR 117-34, 150-55) and upon reconsideration (AR 135-44, 157-61). Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on July 10, 2024. (AR 43-67). Plaintiff testified at the hearing with an interpreter and was represented by counsel. (*Id.*). The ALJ denied benefits (AR 17-42) and the Appeals Council denied review (AR 1-8). The matter is before the Court under 42 U.S.C. § 405(g).

## II. BACKGROUND

The relevant facts are set forth in the administrative hearing and transcripts, the ALJ's decision, and the parties' briefs. Only those facts pertinent to this Order are summarized below.

Plaintiff was 28 years old at the time of the hearing. (*See* AR 332). He completed twelfth grade but did not graduate. (AR 51-52). He lives in an apartment with his brother and sister and has no past relevant work history. (AR 52, 59). Plaintiff testified that he cannot work because he cannot sit for prolonged periods, and he experiences shortness of breath and dizziness with activity due to his heart condition. (AR 56-57). He stated he uses a cane to walk, cannot stand for extended periods, and experiences pain at a level of 8/10 or higher despite pain medication. (AR 50-51). He further testified that he could lift and carry 15 to 20 pounds, walk for approximately 10 minutes before needing to sit, cannot drive for extended periods, and can sit for 45 minutes to one hour before experiencing numbness in his feet. (AR 55-56).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence

equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

IV. SEQUENTIAL EVALUATION PROCESS

To be considered disabled, a claimant must satisfy two conditions. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20

C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). ). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d). If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational actors such as the claimant's age, education, and past work experience. *Id*. If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the

Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since November 19, 2022, the application date and amended alleged onset date. (AR 26). At step two, the ALJ found that Plaintiff had the following severe impairments: type I diabetes mellitus, diabetic polyneuropathy, amputation of the fifth toe of the right foot, orthostatic hypotension, and tachycardia with cardiac pacemaker placement. (AR 26). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 28-30). The ALJ found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday. The claimant cannot operate foot controls or push or pull with the right lower extremity. The claimant can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance as defined in the Selected Characteristics of Occupations (SCO); and occasionally stoop, kneel, crouch, and crawl. The claimant can frequently feel with bilateral upper extremities. The claimant should avoid concentrated exposure to extreme heat, extreme cold, or vibration. The claimant should not work around workplace hazards such as unprotected heights or moving machinery.

(AR 30). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 35). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including telephone information clerk, charge account clerk, and ticket counter. (AR 35-36). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since November 19, 2022, the date the application was filed. (AR 36).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1).

Plaintiff raises the following issue for this Court's review: whether the ALJ erred at step five. (Doc. 11 at 7-12).

VII. DISCUSSION

At step five, the Commissioner bears the burden of establishing that the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran*, 700 F.3d at 389. The Commissioner may satisfy this burden through vocational expert ("VE") testimony elicited in response to a hypothetical that includes all claimant's limitations supported by substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). An incomplete hypothetical cannot support a step five finding. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).

VE testimony should be consistent with the Dictionary of Occupational Titles ("DOT"). *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). The DOT is a resource compiled by the Department of Labor detailing specific requirements for different occupations. Where an apparent conflict exists between the VE's testimony and the DOT, the ALJ "must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled. . .. For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. That means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016) (citing SSR 00-4P, 2000 WL 1898704, at *2 (2000)); *see also Martinez v. Colvin*, 2015 WL 5231973, at *4 (E.D. Cal. Sept. 8, 2015) (providing as an example of a conflict when the DOT's description of job includes activities a claimant is precluded from doing and the VE testifies the claimant would be able to perform job.). The ALJ may rely on VE testimony that departs from the DOT if the record contains "persuasive testimony" supporting the deviation. *Massachi*, 486 F.3d at 1153 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

Here, the VE testified that an individual with Plaintiff's age, education, work experience,

and RFC could perform the representative occupations of telephone information clerk (DOT 237.367-046, *available at* 1991 WL 672194), charge account clerk (DOT 205.367-014, *available at* 1991 WL 671715), and ticket counter (DOT 219.587-010, *available at* 1991 WL 6711989). The VE testified that the opinion was generally consistent with the DOT but "augmented" by knowledge and experience as to matter not addressed by the DOT. (AR 61 (noting categories including pushing and pulling of lower extremities and using foot controls, climbing on ladders, ropes, and scaffolds, standing and walking with the allowance to sit for five minutes after 15 minutes of standing and walking, and absenteeism); *see Massachi*, 486 F.3d at 1153 ("SSR 00-4p further provides that the adjudicator 'will ask' the [VE] 'if the evidence he or she has provided' is consistent with the [DOT]"). Relying on this testimony, the ALJ found that "considering [Plaintiff's] age, education, work experience, and [RFC], [he] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (AR 36).

Plaintiff raises three related challenges to the step five finding: (1) the ALJ did not resolve an alleged conflict between the DOT and VE testimony under SSR 00-4p; (2) the ALJ did not take administrative notice of the DOT as required by regulations; and (3) the ALJ did not adequately consider Plaintiff's vocational aptitudes, education, and immigrant background. (Doc. 11 at 7-13). None establishes error.

A. Alleged English Language Conflict

First, Plaintiff contends that the VE's testimony conflicts with the DOT because the identified occupations require certain language abilities, including a language development level of three. (Doc. 11 at 8-9). This argument does not identify an apparent conflict between the VE testimony and limitation s in the RFC or hypothetical.

Plaintiff does not contend that the RFC should have included an English-language limitation, or does he identify evidence in the record requiring such a limitation. Rather his argument challenges the absence of an additional limitation in the RFC and hypothetical. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with specificity); *see also* 20 C.F.R. § 416.945(a); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (RFC determination is upheld if supported by substantial

evidence); *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (ALJ may satisfy his burden by propounding a hypothetical to the VE that is based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations and should be "accurate, detailed, and supported by the medical record").

Because the RFC and ensuing hypothetical included no language-related limitation, the VE's identification of jobs with DOT language requirements did not create an apparent conflict requiring resolution under SSR 00-4. *See Dawn M. v Comm'r of Soc. Sec*., 2024 WL 3424808, at *1 (D. Or. July 16, 2024), *aff'd sub nom Murphy v. Bisignano*, 2025 WL 2427623 (9th Cir. Aug. 22, 2025) (finding no obvious conflict where VE's testimony specifically accounted for all the limitations identified in the RFC distinguishing *Lamear v. Berryhill* because there was no apparent conflict between the RFC and VE testimony); *Sweets v. Comm'r of Soc. Sec*., 2020 WL 5759756, at *23 (S.D. Cal. Sept. 25, 2020), *aff'd sub nom Sweets v. Kijakazi*, 855 F. App'x 325 (9th Cir. 2021) (finding plaintiff did not identify a conflict between VE's testimony and DOT, noting defendant's contention that plaintiff "misrepresents his argument as a conflict between the VE's testimony and the DOT when in reality plaintiff is trying to argue that the ALJ should have included additional limitations in the RFC finding or hypothetical posed to the VE."); *Taylor v. Kijakazi*, 2023 WL 7024351, at *7 (E.D. Cal. Oct. 25, 2023) ("because the RFC did not include a limitation to simple, routine, repetitive work, there can be no conflict with the level three reasoning requirements of the identified jobs."); *Pichardo v. Comm'r of Soc. Sec*., 2023 WL 2596970, at *20 (S.D.N.Y. Mar. 22, 2023) ("because the ALJ did not make a finding regarding Plaintiff's ability to communicate in English, there is no conflict with the DOT."). The ALJ therefore did not err by relying on the VE's testimony.

Moreover, the governing regulations no longer treat an inability to communicate in English as a vocational factor in determining education or vocational ability. Effective April 27, 2020, the Social Security Administration removed English-language proficiency from the education categories used in the disability analysis. *See* 20 C.F.R. § 416.964 (amended Feb. 25, 2020); SSR 20-1p, 2020 WL 1285114 (Mar. 9, 2020) ("When determining the appropriate education category, we will not consider whether an individual attained his or her education in

another country or whether the individual lacks English language proficiency."). While not identified by either party, the ALJ noted at the hearing that the regulations had eliminated inability to communicate in English as an education category under the Medical-Vocational Guidelines. (AR 66).

Courts applying the amended regulations have consistently rejected claims that the ALJ errs if the ALJ fails to reconcile conflicts between VE's testimony and the DOT based on English language deficits because "the ALJ was not required nor permitted to consider Plaintiff's English language proficiency in determining Plaintiff's education and in consideration of the vocational expert's testimony and the DOT." *Orozco v. Comm'r of Soc. Sec.*, 2025 WL 3754094, at *5 (E.D. Cal. Dec. 29, 2025) (collecting cases); *see also Salimeh N. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 1963719, at *5 (W.D. Wash. June 6, 2022) (finding ALJ did not err in failing to "explicitly discuss" Plaintiff's lack of ability to communicate in English at step five). Plaintiff identifies no authority requiring the ALJ to sua sponte include English-language limitations in the RFC or hypothetical. This case is therefore unlike one in which the ALJ specifically asks the VE to consider a claimant's inability to communicate in English and the VE identifies a resulting conflict with the proposed occupations. See *Rubio v. O'Malley*, 2024 WL 2518810, at *7 (D. Nev. May 23, 2024).

B. Administrative Notice of the DOT

As noted by Defendant, Plaintiff's argument that the ALJ failed to take administrative notice of the DOT is derivative of his asserted English-language conflict. (See Doc. 13 at 6.) In any event, it is well settled that the DOT is not the exclusive source of occupational information on which an ALJ may rely. The Commissioner may take administrative notice of reliable job-information sources, including VE testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *see also* SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). Because no unresolved apparent conflict existed, the ALJ permissibly relied on the VE's testimony.

C. Immigration Background and Education

Plaintiff also contends that the ALJ failed to comply with Ninth Circuit "precedent" by not considering Plaintiff's immigrant background and lack of formal English-language training

"during his formative school years." (Doc. 11 at 12). Plaintiff relies on *Giampaoli v. Califano*, 628 F.2d 1190 (9th Cir. 1980). (*Id*.).

As Defendant observes, *Gampaoli* is distinguishable from the instant case. It concerned the characterization of a judgment against the government as one on the merits or by default. Although the court referred to the claimant's immigrant background and other vocational limitations when discussing the evidence, it did not hold that an ALJ must separately evaluate immigrant status or formal English-language instruction at step five of the sequential analysis. *Giampaoli*, 628 F.2d at 1195-96.

Here, the ALJ found Plaintiff had a "limited education" based on his testimony that he completed the twelfth grade but did not graduate. (AR 35); SSR 20-1p, 2020 WL 1285114 ("Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs."). As discussed *supra*, the ALJ is not required to consider whether Plaintiff attained his education in another country as "[n]either the country in which an individual was educated nor the language an individual speaks informs us about whether the individual's reasoning, arithmetic, and language abilities are commensurate with his or her formal education." *Id*.

Plaintiff does not meaningfully challenge the ALJ's limited education finding or identify evidence requiring a different finding. Nor does he cite authority requiring the ALJ to consider immigrant background or English-language training separately in the post-2020 step five analysis. The ALJ therefore did not err by declining to do so.

D. Judicial Estoppel

In reply, Plaintiff invokes judicial estoppel based on the Commissioner's position in *Arias v. Comm'r of Soc Sec*., 2023 WL 2909220, at *3 (D. Ariz. Apr. 12, 2023). (Doc. 14 at 2 ). Judicial estoppel may apply when: (1) a party's later position is clearly inconsistent with its earlier position, (2) the party persuaded a court to accept the earlier position, and (3) allowing the inconsistent position would create an unfair advantage or impose an unfair detriment. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

The doctrine does not apply here. In *Arias*, the court notes that English-language proficiency is no longer considered in determining a claimant's educational level or vocational abilities at step five. 2023 WL 2909220, at *3-4. The court addressed only whether English literacy should have been incorporated into the claimant's RFC. *Id*. Thus, the Commissioner did not prevail on a position inconsistent with its position here. Plaintiff also does not establish that the Commissioner would receive an unfair advantage, or that Plaintiff would suffer unfair detriment, absent estoppel. Judicial estoppel therefore does not bar the Commissioner's arguments.

## VIII. CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. On the contrary, a reviewing court must defer to an ALJ's assessment if it is supported by substantial evidence. 42 U.S.C. § 405(g).

Here, as discussed above, the VE testified that a person with Plaintiff's assessed RFC could perform the occupations of telephone information clerk, charge-account clerk, and ticket counter. (AR 61). Plaintiff has not identified an unresolved apparent conflict between that testimony and the DOT, shown that the ALJ was required to include an English-language limitation in the RFC or hypothetical, or demonstrated error in the ALJ's education finding. Substantial evidence therefore supports the ALJ's step-five determination that work exists in significant numbers in the national economy that Plaintiff can perform. (AR 36). The Court finds no error at step five and finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

////

////

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Summary Judgment (Doc. 11) is DENIED.
2. Defendant's Cross-Motion for Summary Judgment (Doc. 13) is GRANTED, and the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated: August 31, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE